## Commonwealth *v.* Fields et al., Appellants.
## Commonwealth *v.* Bleicker, Appellant.

398

Argued November 18, 1935. 

 Be-
fore KELLER, P. J., BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ. 

*T. H. Shannon,* for appellants.

*Anthony Cavalcante,* with him *James W. Hawkins,*
District Attorney, for appellee.

OPINION BY STADTFELD, J., January 31, 1936:
This is an appeal from the sentence of the Court of
Quarter Sessions of Greene County, Pennsylvania,
wherein the defendants, George Fields and Fred F.
Bleicker, having been tried and convicted of assault and
battery, and George Fields also of aggravated assault
and battery, were sentenced by SAYERS, P. J.

George Fields of the defendants who was employed by the Buckeye Coal Company at Nemacolin, in Cumberland and Monongahela Townships, Greene County, Pennsylvania as "property guard", and Fred F. Bleicker who had been appointed by the Court of Quarter Sessions of Greene County as a night watchman for said company under the Act of Assembly of June 26, 1895, P. L. 333, in company with George A. Stann, also a night watchman, so appointed, were called by persons occupying houses 141 and 142, and when they arrived at the place, they found that Howard R. Miller, Jr., who is the prosecutor, and who was peddling "Independent Union" papers, was having an altercation and raising a disturbance with the women living in said houses, charging the occupants of the houses with belonging to the "Brotherhood Union"; that because of the commotion created, several boys and men were following him around; that his actions and language created quite a disturbance in the neighborhood. The officers who were called to the scene, tried to persuade the prosecutor to go about his business, which he refused to do. Upon his refusal to comply with the request, the officers proceeded to arrest him; that he became violent and so resisted the officers, that one of the officers, Stann, was injured by the prosecutor. The prosecutor was taken to the jail at Waynesburg, Greene County, Pennsylvania. The prosecutor claimed that he received from the officer Bleicker, bruises from a blackjack, and that officer Fields injured his thumbs and back; that following prosecutor's arrest, he made an information against the three officers for assault and battery, and aggravated assault and battery; that at the hearing, officer Stann was discharged, and officers Bleicker and Fields were held for court. The defendants, Bleicker and Fields, filed a Motion and Reasons for a new trial, which was overruled in an opinion by SAYERS, P. J.,

and the defendants were sentenced on August 5, 1935, as follows: George Fields to pay the cost of prosecution, and a fine of $200 and undergo imprisonment in the Greene County jail for one month; Fred F. Bleicker, to pay the costs of prosecution and a fine of $100. Thereafter, on August 5, 1935, an order was made allowing a supersedeas upon George Fields entering into a recognizance in the sum of $1000, and Fred F. Bleicker in the sum of $500, which recognizances were duly filed.

The assignments of error relate to the charge of the court and may be considered together. The portions of the charge excepted to are as follows: "The court is of the opinion that under this Act of Assembly the other officer, Mr. Bleicker, while his appointment was legal so far as the order made by the court was concerned, we are of the opinion that the Act of Assembly under which this was made is not intended to cover cases of that kind in a township, that the appointment was erroneous and that this defendant was laboring under a mistake, partly induced by the court, in his belief that he was a public officer. It will necessarily follow then, under the circumstances of this case, *that the defendant technically would be guilty of assault and battery* if you believe, under all the evidence in the case, that these defendants here, without authority, committed an assault on this prosecutor in the manner in which he says they did. ...... Now, members of the jury, all these matters are for you to consider in determining whether or not these people here were seeking at least to quell a breach of the peace, and whose authority, to say the least, is doubtful, but they were under circumstances as they claim by appointment of the court and acting as night watchman and property guards." (Italics supplied.)

The trial Judge was of the opinion that the Act of Assembly under which Bleicker was appointed as a

night watchman was unconstitutional, in that the title of the Act did not refer to the appointment of night watchmen in townships, being restricted to cities and boroughs of the Commonwealth, and that the appointment of night watchmen in the instant case was erroneous. Without passing on the question of the constitutionality of the Act of Assembly referred to, we are of the opinion that the charge was erroneous and prejudicial to the defendants.

Bleicker, of defendants, who had been appointed as night watchman, was at least a de facto officer. The other defendant was a "property guard" for the same company and assisted Bleicker and Stann in making the arrest. Bleicker had a right, under the circumstances, to assume, when appointed by order of the court, that he was clothed with the authority conferred under the Act of Assembly.

"At common law the officers who were recognized as peace officers and had the right to arrest in certain cases without warrants, virtute officii, were justices of the peace, sheriffs, coroners, constables, and watchmen, and these classes include all who come to their aid and assistance, deputies, and de facto officers:" 5 C. J., 396, Sec. 24.

A de facto police officer may exercise and perform the duties of a police officer, and may make an arrest without a warrant: People v. Dallen, 21 Cal. A. 770, 132 P. 1064.

"Every person who assists an officer in making an arrest, at his request, has the same protection that is accorded the officer himself, and, acting in such capacity, he may resort to the same measures to secure the arrest of the accused": 5 C. J., 425, Sec. 59.

The assignments of error are sustained, the judgment reversed and new trial granted.